ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **JOSÉ ANTONIO GÓMEZ VELÁZQUEZ**<br><br>Recurrido<br><br>v.<br><br>**COOPERATIVA DE AHORRO Y CRÉDITO NAGUABEÑA y MUNICIPIO AUTÓNOMO DE HUMACAO**<br><br>Peticionarios | TA2025CE00483 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Humacao**<br><br>Caso Núm.:<br>**HU2023CV01801**<br><br>Sobre:<br>Daños<br>Embargo Ilegal |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de octubre de 2025.

Comparece ante nos el Municipio Autónomo de Humacao (Municipio o parte peticionaria) mediante un recurso de *certiorari* en el que solicita que revoquemos una *Resolución* emitida el 6 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI).[1] Por medio de dicha determinación, el foro primario acogió la *Solicitud de Sentencia Sumaria* presentada por el Municipio como una solicitud de desestimación.[2] Asimismo, declaró No Ha Lugar esta última y ordenó la continuación de los procedimientos.

Por los fundamentos que pormenorizamos a continuación, denegamos la expedición del recurso de *certiorari.*

## I.

El caso de marras tiene su génesis el 7 de diciembre de 2023 cuando el señor José Antonio Gómez Velázquez (Sr. Gómez

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 52. Notificada y archivada en autos el 7 de agosto de 2025.
[2] *Íd.*, Entrada Núm. 45.

Velázquez o recurrido) presentó una *Demanda* en contra de la Cooperativa de Ahorro y Crédito Naguabeña (Cooperativa), y el Municipio en concepto de daños y perjuicios, y embargo ilegal.[3] Expuso que el viernes, 12 de mayo de 2023, acudió a la Cooperativa para realizar un retiro de su cuenta con el fin de hacer una compra de víveres para su hogar y comprarle un regalo a su mamá de 96 años. Alegó el Sr. Gómez Velázquez, no obstante, que el sistema no le permitió retirar el dinero, y, al indagar, le expresaron que tenía una orden de embargo en su contra. Adujo que esta fue expedida por el TPI en el pleito *Municipio Autónomo de Humacao v. José A. Gómez Velázquez*, HU2020CV00278, el cual arguyó que versaba sobre el cobro de patentes municipales por la suma de sobre cuarenta mil dólares con relación a un médico que tenía una oficina en el Municipio. Alegó el Sr. Gómez Velázquez, no obstante que, él no era dicha persona ni tenía establecimiento comercial alguno en ningún lugar.

Por tal razón, el Sr. Gómez Velázquez expresó que la Cooperativa incurrió en un embargo ilegal, promovido por el Municipio, que le ocasionó daños y perjuicios. Por ende, suplicó del foro primario condenar solidariamente a los codemandados al pago de una suma de $75,000.00 en concepto de daños y perjuicios, más una cantidad razonable por concepto de costas, gastos y honorarios de abogado.

El 5 de marzo de 2024, el Municipio radicó una *Contestación a Demanda* donde levantó sus defensas afirmativas y negó las alegaciones del Sr. Gómez Velázquez, con excepción de haber aceptado que el caso número HU2020CV00278 trataba sobre el cobro de deuda por patente municipal.[4]

---

[3] *Íd.*, Entrada Núm. 1.
[4] *Íd.*, Entrada Núm. 11; Véase además, *Íd.*, Entrada Núm. 20. El foro primario le anotó la rebeldía a la Cooperativa.

Luego de múltiples trámites procesales, el Municipio presentó una *Solicitud de Sentencia Sumaria* el 10 de junio de 2025.[5] Alegó que no existía una causa de acción que justificara la concesión de un remedio a favor del Municipio. En primer lugar, arguyó que quien congeló la cuenta del Sr. Gómez Velázquez fue la Cooperativa y que el Municipio le entregó a esta el mandamiento de ejecución, al igual que los datos de seguro social de la persona demandada en el pleito número HU2020CV00278. Además, expuso que, en aquel caso, la Cooperativa le notificó al Municipio una comunicación fechada el 2 de mayo de 2025 que le dirigió al alguacil del TPI. Sostuvo que, por medio de esta, la Cooperativa no identificó al señor José A. Gómez Velázquez como uno de sus clientes, por lo que no surgió responsabilidad atribuible al Municipio, por cualquier error, si alguno.

En segundo lugar, indicó el Municipio que le era aplicable la inmunidad, a tenor con el Artículo 1.053 del *"Código Municipal de Puerto Rico"* (Código Municipal del 2020), Ley Núm. 107 del 13 de agosto de 2020, según enmendada, 21 LPRA sec. 7084. Por último, planteó que la notificación de la carta fechada el 15 de mayo de 2023[6] y dirigida al Municipio por parte del representante legal del Sr. Gómez Velázquez, adolecía de varios defectos. En particular, arguyó que la carta era inadecuada por reclamar una compensación económica de $25,000.00, mientras que, por medio de la demanda, se le reclamó una suma de $75,000.00.

Por su parte, el Sr. Gómez Velázquez radicó una *Réplica a "Moción de sentencia sumaria" de la parte demandada Municipio Autónomo de Humacao* el 2 de julio de 2025.[7] Arguyó que el Municipio no levantó como defensa afirmativa en su contestación a demanda la falta o el defecto de notificación de la carta fechada el 15 de mayo de 2023, y que la solicitud de sentencia sumaria presentada por el Municipio fue radicada a destiempo y no debió haber sido considerada.

El 7 de julio de 2025, el Municipio presentó una *Breve réplica a oposición de "sentencia sumaria".*[8] Reiteró sus planteamientos y expresó

---

[5] *Íd.*, Entrada Núm. 45.
[6] *Íd.*, Anejo 5.
[7] *Íd.*, Entrada Núm. 48.
[8] *Íd.*, Entrada Núm. 50.

que procedía la desestimación de la demanda, pues el Sr. Gómez Velázquez no solo había planteado que él y el demandado del caso número HU2020CV00278 eran personas distintas, sino que el Municipio había explicado no poseer responsabilidad por lo ocurrido, ya que los hechos alegados en la demanda fueron causados presumiblemente por un tercero.

El 6 de agosto de 2025, el TPI emitió una *Resolución* en la que acogió la solicitud de sentencia sumaria como una solicitud de desestimación, "conforme al principio reiterado que el contenido y propósito de un escrito prevalece sobre su denominación formal".[9] Así, declaró No Ha Lugar la solicitud de desestimación y ordenó la continuación de los procedimientos.

Inconforme, el Municipio presentó una *Solicitud de reconsideración* el 21 de agosto de 2025.[10] Sin embargo, el foro primario la declaró No Ha Lugar el 24 de agosto de 2025.[11]

Insatisfecho, el Municipio presentó ante nos un recurso de *certiorari* el 22 de septiembre de 2025 y planteó los siguientes señalamientos de error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL OBVIAR LA EXISTENCIA DE INMUNIDAD PARA EL MAH A TENOR CON LAS ALEGACIONES DE LA DEMANDA Y LA INFORMACIÓN ADICIONAL PROVISTA.**
>
> **ERRÓ EL TPI AL NO DESESTIMAR POR AUSENCIA DE NOTIFICACIÓN ADECUADA CONFORME A LOS REQUISITOS DEL ARTÍCULO 1[.]051 DEL CÓDIGO MUNICIPAL.**

Adujo el Municipio que un recaudador municipal coordinó el proceso de cobro de deuda de patentes en el caso número HU2020CV00278, y, como parte del mismo, el Municipio presentó una solicitud de requerimiento y mandamiento de ejecución de bienes con los datos de seguro social contra el deudor contributivo y dirigido a la Cooperativa. Expuso que la Cooperativa le informó por escrito al Municipio que no contaba con el *Dr. Gómez Velázquez* como cliente de la institución. Alegó que, cuando el Sr. Gómez

---

[9] *Íd.*, Entrada Núm. 52, pág. 8. Notificada y archivada en autos el 7 de agosto de 2025.

[10] *Íd.*, Entrada Núm. 53; véase además, *Íd.*, Entrada Núm. 54. Por error, el Municipio intituló la solicitud de reconsideración "*Solicitud determinación de hechos adicionales y de reconsideración*".

[11] *Íd.*, Entrada Núm. 55. Notificada y archivada en autos el 25 de agosto de 2025.

Velázquez le informó al recaudador municipal que no tenía acceso a sus fondos, también le expresó que el error se debió a que tenía un primo con el mismo nombre; siendo este, el *Dr. Gómez Velázquez.*

Por otro lado, el Municipio reiteró que le aplicaba la inmunidad, conforme al Artículo 1.053 del Código Municipal del 2020, *supra.* Expuso también que procedía la desestimación de la demanda radicada en su contra a tenor con las Reglas 10.2 y 10.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 y 10.3, y por la alegada notificación inadecuada de la carta del 15 de mayo de 2023. Ante todo lo anterior, suplicó la expedición del auto de *certiorari* y la revocación de la *Resolución* recurrida.

Por su parte, el Sr. Gómez Velázquez radicó un *Alegato en oposición a recurso de certiorari* el 3 de octubre de 2025. Sostuvo que el TPI no incurrió en error, prejuicio, imparcialidad ni abuso de discreción al denegar la petición de sentencia sumaria presentada por el Municipio, a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). Además, arguyó que no se daban ninguna de las circunstancias ni excepciones expuestas en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, para permitir la intervención de este Tribunal con la determinación recurrida. Por tal razón, sostuvo que procedía la denegatoria de la expedición del auto de *certiorari.*

## II.

### A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance*

*Company of Puerto Rico*, 205 DPR 163, 174 (2020). En los casos civiles, la Regla 52.1 de Procedimiento Civil, *supra,* delimita los asuntos aptos para revisión interlocutoria ante el Tribunal de Apelaciones mediante el recurso de *certiorari. Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, *supra,* pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 486-487 (2019); *IG Builders v. BBVAPR*, 185 DPR 307, 336 (2012). La citada regla establece que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> . . . .
>
> Regla 52.1 de Procedimiento Civil, *supra* (Énfasis suplido); véase además, *Scotiabank de Puerto Rico v. ZAF Corporation, supra,* pág. 487.

La característica distintiva del recurso de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR, supra,* pág. 338. A pesar de lo anterior, la discreción no debe hacerse en abstracción del resto del derecho, sino que debe ejercerse de forma razonable con el propósito de llegar a una opinión justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Precisamente, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* instituye los

criterios que se deben tomar en consideración para poder ejercer sabiamente la facultad discrecional de expedir un auto de *certiorari*. Estos factores son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

> Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, *supra*, págs. 96-97.

### III.

En el caso de marras, el Municipio argumentó que el foro primario incidió al no aplicarle la inmunidad, a la luz del Artículo 1.053 del Código Municipal del 2020, *supra*; y al no desestimar la demanda radicada en su contra ante la supuesta notificación inadecuada de la carta fechada el 15 de mayo de 2023, conforme a

los requisitos del Artículo 1.051 del Código Municipal del 2020, *supra*, sec. 7082.

Según la *Resolución* recurrida, el foro primario determinó que no aplicaba la inmunidad en el presente caso. Específicamente, dispuso que:

> Sobre el segundo fundamento —la alegación de inmunidad—, si bien el artículo 1.053 del Código Municipal de Puerto Rico, 21 LPRA § 7084, reconoce ciertas protecciones frente a demandas que surjan en el curso de funciones gubernamentales, tal defensa no resulta absoluta. La jurisprudencia ha reconocido que la inmunidad no ampara actos que pudieran calificarse como negligentes o realizados sin observar los parámetros legales mínimos; y la determinación de si el acto imputado al Municipio se encuentra cobijado por dicha protección requiere un análisis de hechos que excede el alcance de una moción de desestimación.[12]

(Énfasis suplido).

Por otra parte, respecto a la supuesta *notificación* defectuosa de la carta extrajudicial por parte del representante legal del Sr. Gómez Velázquez, el foro primario expuso que:

> En lo concerniente al tercer argumento, relativo a una notificación presuntamente defectuosa, el Tribunal advierte que, conforme al propósito de dicho requisito, la notificación debe contener información suficiente que permita al Municipio identificar la naturaleza del reclamo y atenderlo adecuadamente. En el caso de autos, aunque existió una diferencia entre la cuantía indicada en la notificación y la finalmente reclamada en la demanda, del contenido del documento notificado surge que se cumplió sustancialmente con los elementos requeridos por ley. La notificación incluyó la identidad del reclamante, los hechos esenciales del alegado daño y una descripción del remedio pretendido, lo cual resulta suficiente para cumplir con el objetivo legal del requisito. Por tanto, el Tribunal determina que, en este caso, la parte demandante cumplió adecuadamente con la notificación previa exigida, y que dicha alegación no constituye fundamento para la desestimación solicitada.[13]

(Énfasis suplido).

Luego de un análisis objetivo y cuidadoso del expediente y del recurso de *certiorari*, nos abstenemos de ejercer nuestra función

---

[12] *Íd.*, Entrada Núm. 52, pág. 9.
[13] *Íd.*

revisora y de intervenir con la determinación del foro *a quo*. El expediente del caso de epígrafe no evidencia falta alguna atribuible al TPI en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio expresarnos sobre lo resuelto en esta etapa de los procedimientos. Ante la ausencia de razón alguna que mueva nuestro criterio discrecional de expedir el auto de *certiorari*, conforme a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, denegamos expedir el recurso de *certiorari*.

**IV.**

Por las razones discutidas anteriormente, denegamos la expedición del recurso de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones